NELSON et al. v. BUTLER.  (No. 5746.)

(Court of Civil Appeals of Texas.  San Antonio.
Dec. 13, 1916.  Rehearing Denied
Jan. 10, 1917.)

1. DAMAGES ☞81 — LIQUIDATED DAMAGES — CONTRACT OF SALE.

There is a valid stipulation for liquidated damages, the sum fixed not being exorbitant or out of proportion to what may have been the actual damages, a contract for sale of land providing that if the purchasers refused the deed the money deposited as earnest money should be forfeited as liquidated damages, but if a good and merchantable title could not be shown the money should be returned to the buyers.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 177; Dec. Dig. ☞81.]

2. VENDOR AND PURCHASER ☞130(6)—GOOD MARKETABLE TITLE—ERROR IN DEED.

Relative to a vendor having good marketable title, errors in description of land in deed from R. to P. are cured by reference therein to deed of H. to R. "for a full description of the land herein conveyed," the record book in which H.'s deed is recorded being given, and the records containing a proper description, so that the premises can be readily identified.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. ☞130(6).]

3. VENDOR AND PURCHASER ☞130(2)—"GOOD MARKETABLE TITLE."

A good marketable title is one that is free from reasonable doubt, and not necessarily one free from every possible suspicion.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. ☞130(2).

For other definitions, see Words and Phrases, First and Second Series, Good Title; Marketable Title.]

4. VENDOR AND PURCHASER ☞130(2)—MARKETABLE TITLE—ERROR IN JUDGMENT.

That judgment setting apart land describes it as having been rendered in one county, when it was rendered in another, does not prevent the title from being a good marketable one.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 246; Dec. Dig. ☞130(2).]

5. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Any error in admitting certificate of person who prepared an abstract of title, that the records of the county where the land was situated showed a person's name only once as grantee and once as grantor, was harmless; the description being sufficient without the certificate.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ☞1050(1).]

6. DAMAGES ☞85 — SPECIFIC PERFORMANCE ☞58 — LIQUIDATED DAMAGES — EFFECT OF STIPULATION.

A contract for sale of land having fixed a certain amount as liquidated damages for refusal of vendees to accept deed, the vendor can-

not have specific performance or greater damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 179–181, 183–187; Dec. Dig. ☞85; Specific Performance, Cent. Dig. §§ 179, 180; Dec. Dig. ☞58.]

Appeal from District Court, Karnes County; F. G. Chambliss, Judge.

Action by S. C. Butler against John A. Nelson and others. Judgment for plaintiff, and defendants appeal, plaintiff making cross-assignments. Affirmed.

Williamson & Klingemann, of Karnes City, and Sansom & Metcalfe, of Georgetown, for appellants. Jno. W. Thames, of Kenedy, and L. H. Browne, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against J. A. Nelson, C. J. Anderson, and Emil Gustafson, appellants, for specific performance or to recover $6,072, alleged to be due as damages arising from the breach of a contract of purchase of certain land. The cause was tried by the court, without a jury, and judgment rendered in favor of appellee for $1,000. All parties appealed.

It appears from the evidence that a contract was entered into between appellants and appellee on July 6, 1914, whereby the latter was to sell to appellants a certain 1,200-acre tract of land out of the William T. Hatton league in Bee county. An abstract of title was to be furnished by appellee "showing a good and merchantable title to said land" in himself. He furnished such abstract, but appellants refused to comply with their contract. It was provided in the contract that if the appellants failed or refused the deed tendered them by appellee on January 2, 1915, "then in that event said sum of $1,000 deposited as earnest money shall be forfeited to the party of the first part as liquidated damages, and this contract shall become null and void."

[1] The language of the contract as to the damages in case of a breach by appellants is clear and unmistakable and evinces a desire of the parties to settle the amount of damages. Not only was it provided that appellants should lose the $1,000 in case of a breach, but it was also provided that in case "a good and merchantable title" could not be shown by appellee the earnest money should be returned to appellants. Durst v. Swift, 11 Tex. 273; Collier v. Betterton, 87 Tex. 440, 29 S. W. 467; Halff v. O'Connor, 14 Tex. Civ. App. 191, 37 S. W. 238; Railway v. Schutz, 37 Tex. Civ. App. 14, 83 S. W. 39. The sum fixed in the contract is not exorbitant nor out of proportion to what may have been the actual loss.

[2] The errors in the description of the land in the deed from Raley to Parker were cured by the reference in the deed to the deed of Hatton to Raley "for a full description of the land herein conveyed." The record book in which the deed is recorded was

given. The records contained a proper description of the land. The premises could be readily identified. Berry v. Wright, 14 Tex. 273; Early v. Sterrett, 18 Tex. 116; Kingston v. Pickins, 46 Tex. 101; Ragsdale v. Robinson, 48 Tex. 398; Wilson v. Smith, 50 Tex. 370; Steinbeck v. Stone, 53 Tex. 385; Arambula v. Sullivan, 80 Tex. 615, 16 S. W. 436; Devlin, Real Estate, §§ 1016–1018.

In a case in which a party refused to accept a deed from another on the ground of the land being misdescribed in a deed forming a link in the title the Court of Appeals of New York held that the title was marketable. The court said:

"The long-established rules with reference to the construction of descriptions, contained in conveyances require courts to adopt such an interpretation thereof as shall give effect to the instrument according to the intention of the parties, if that is discoverable from legitimate sources of information. * * * In giving effect to such intention it is also their duty to reject false or mistaken particulars, provided there be enough of the description remaining to enable the land intended to be conveyed to be located." Brookman v. Kurzman, 94 N. Y. 273.

[3, 4] A good marketable title is one that is free from reasonable doubt, and not necessarily one free from every possible suspicion. The description of the land in the deed to Parker by Raley leaves no doubt as to its identity with the land conveyed by Hatton to Raley; the only error being that the judgment which set apart the 383 acres of land is described as having been rendered in Orange county when it was rendered in Travis county.

[5] If it was error to admit the certificate of the person who prepared the abstract of title, that the records of Bee county, where the land is situated, showed the name of C. W. Raley only one time as a grantee and one time as a grantor, it was immaterial error because the description was sufficient without the certificate.

[6] There is no merit in the cross-assignments of appellee. Appellee contracted to be satisfied with $1,000 if appellants breached the contract, and is in no position to claim other relief. He cannot lawfully demand specific performance or greater damages than were given him, because he had contracted that $1,000 was the extent of appellants' liability if they breached the contract.

The judgment is affirmed.