## WAY et ux. v. BRICE et al.  (No. 7160.)

Court of Civil Appeals of Texas. Austin. Dec. 21, 1927.

Rehearing Denied Jan. 11, 1928.

**1. Corporations ⊗⟞121(7)—Damages stipulated under contract of sale of corporate stock held to apply to breach of all conditions.**

Under contract for sale of interest in corporate stock by which purchasers, if they failed to pay balance due on stock at time agreed upon, were to return property in same financial status as of date of contract, and providing that if purchasers failed to keep obligations of contract that they should forfeit to sellers sum of $5,000 part payment as liquidated damages, damages stipulated *held* not limited to those arising solely from breach of contract to pay balance of purchase price, but to apply to breaches of any or all covenants or conditions of contract.

**2. Damages ⊗⟞78(6)—Damages for breach of contract to purchase corporate stock applicable to breach of any condition held to constitute liquidated damages rather than penalty.**

Under contract for sale of interest in corporate stock by which purchasers, if they failed to pay balance due on stock at time agreed upon, were to return property in same financial status as of date of contract, and providing that if purchasers failed to keep obligations of contract that they should forfeit to sellers sum of $5,000 part payment as liquidated damages, stipulated damages *held* to constitute liquidated damages rather than a penalty.

On Motion for Rehearing.

**3. Appeal and error ⊗⟞1177(6)—Appellee not cross-assigning error to failure to submit one cause of action may not resist final judgment on reversal of judgment on other cause.**

Where appellee did not assign cross-error on appeal because court failed to submit a cause of action to the jury and no request to submit was made, appellee may not resist rendition of final judgment on reversal of judgment on other cause of action.

Appeal from District Court, Milam County; John Watson, Judge.

Consolidated suits by J. W. Brice and others against A. L. Way and others, and by O. C. Bevers against the Wahpoo Oil Company. Judgment for Bevers in the latter suit. Judgment for plaintiffs in the former suit, and defendants Way appeal. Affirmed in part, and reversed and rendered in part.

W. A. Morrison, of Cameron, for appellants.

S. M. Burns, of Cameron, for appellee Bevers.

E. A. Camp, of Rockdale, for other appellees.

BLAIR, J.  This litigation arose as follows: Wahpoo Oil Company, incorporated for $25,000, owned as its only property a 76-acre oil lease in Milam county. Appellants A. L. Way and wife and appellees O. C. Bevers and wife owned one-half the corporate stock, and appellee J. W. Brice and his two sons owned the other one-half. By written contract, dated January 14, 1926, the Brices sold their interests and stock to the Ways and Bevers for $12,500 of which $5,000 was paid in cash and the balance of $7,500 was to have been paid on or before July 15, 1926. The contract was signed by each of the seven stockholders and contained the following covenants:

"(a) It is expressly agreed and understood that no transfer, assignment, or conveyance of the stocks and interests owned and held by parties of the first part [the Brices] in the Wahpoo Oil Company shall be made until the payments set forth herein for such stocks or interest have been discharged. During which time this agreement and contract shall be placed in escrow, subject to a full compliance with the consideration herein expressed, but during the time of its fulfillment the said parties of the second part [the Ways and Bevers] shall have the active control and management of the operation and development of the properties of the Wahpoo Oil Company.

"(b) It is further expressly stipulated and understood that, in the event the said parties of the second part shall by or through any fault or neglect on their part, or either of them, fail or refuse to comply with the terms and conditions of this agreement of sale and to keep and perform the obligations imposed upon them by this agreement, they shall forfeit to said parties of the first part the said sum of $5,000, paid in good faith and in earnest of this contract as liquidated damages.

<hr/>

⊗⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(c) It is further expressly agreed and stipulated that the rights and interests owned and held by the said parties of the first part in the Wahpoo Oil Company shall not be incumbered, and in the event said sale is not completed by or through the fault or neglect of the said parties. of the second part the said parties of the second part hereby bind and obligate themselves, jointly and severally, to save and keep harmless the said parties of the first part from any liabilities or incumbrances created under their active control and management of the said properties of Wahpoo Oil Company during. the pendency of this sale, and in such event such property is to be returned to said parties of the first part in the same financial status as existed as at the time this agreement of sale of their stocks and interests in the Wahpoo Oil Company was entered into by said parties."

The purchasers made default in the payment of the $7,500, whereupon the Brices rescinded the contract and obtained the return of their stock under the escrow agreement and again interested themselves in the corporation's affairs, retaining the $5,000 paid on the purchase price of the stock. Thereafter appellee, in his own right and as assignee of the rights of his sons in the contract, sued the Ways and Bevers for breach of the contract, interpreting it as providing, first, that the $5,000 stipulated in subdivision (b), supra, was to be retained by sellers as liquidated damages for failure of purchasers to pay the $7,500 balance due on the purchase price of the stock; and, second, that subdivision (c), supra, imposed an additional liability upon purchasers to return on July 15, 1926 (if they had not paid the purchase price of the stock at that time), the corporation and its property in the same "financial status" in reference to indebtedness as it was on January 14, 1926, the date of the contract; and sought to recover one-half the alleged indebtedness of the corporation as of July 15, 1926, upon the theory that the Brices' one-half interest in the corporation had been .damaged to that extent by reason of the indebtedness. Appellants ·Way pleaded subdivision (b), supra, as providing that the $5,-000 stipulated was the only damages or penalty for breach.of any or all the conditions of the contract by purchasers; that sellers had retained the $5,000 and therefore no further liability existed under the contract.

The trial court took the view of and construed the contract as did appellee and submitted the case to a jury upon special issues. The jury found the corporation owned $3,-932.54 more on July 15, 1926, than it did on January 15, 1926, and judgment was rendered for appellee against the .Ways and Bevers for one-half the amount of the alleged indebtedness of the corporation.

The Bevers have not appealed from the judgment, and as to them it will be affirmed.

[1] The Ways have appealed and contend here as in the trial court that the $5,000 stip-ulated in subdivision (b) was all and the only damages or penalty that sellers could recover for a breach of any or all covenants or conditions of the contract. We sustain the contention of appellants and reverse the judgment of the trial court and here render judgment for appellants so that appellee take nothing by his suit against them.

The contract bound purchasers of the stock to do or refrain from doing two things: First, to pay the balance due on the purchase price of the stock; and, second (if they did not pay the balance due on the stock by the time agreed upon), to return the corporation and its property on July 15, 1926, in the same "financial status;" or as appellee interprets that term in the same "financial condition" in reference to debts for .which the corporation and its property was liable, as of date of the contract, January 14, 1926. The language of subdivision (b) is clear, and simply provides that if purchasers of the stock "shall fail or refuse to comply with the terms and .conditions * * * keep and perform the obligations imposed upon them by this agreement, they shall forfeit" to sellers "the said sum of * * * $5,000 paid in good faith and in earnest of this contract as liquidated damages." There is no language used which would in any manner limit the $5,000 stipulated damages to payment of damages arising solely from a breach of the contract to pay the $7,500 balance due on the purchase price of the stock. But, to the contrary, the language of the entire contract clearly evidences the intention of the parties to provide that the stipulated damages clause should apply to breaches of any or all "terms" or "conditions" or "obligations" imposed by the entire contract, and that the sum of $5,000 paid was to be in satisfaction of any or all such breaches.

[2] In this connection it might be stated that appellee construes the $5,000 stipulated as liquidated damages rather than as a penalty, and appellants seem to make no serious contention to the contrary. We concur in that construction. While the contract binds purchasers to do or refrain from doing two things, still a breach of the second condition (not to incumber the corporation or its property with debts) is necessarily contingent upon a breach of the first condition (failure to pay purchase price of stock) before any liability would arise, and therefore the conditions constitute a series of acts to be done in consummation of the particular transaction to sell the stock and may well be regarded as but one entire whole, so that the sum reserved upon a breach may be recovered or retained as liquidated damages. 17 C. J. 952; Palestine Ice Fuel Co. v. Connally (Tex. Civ. App.) 148 S. W. 1109; Leggett v. Mutual L. Ins. Co., 53 N. Y. 394.

We also think the case comes clearly within the rule laid down in 17 C. J. 948, as follows:

"Likewise a payment by one of two contracting parties to the other, stated to be in part payment of the purchase price or consideration of the transaction, with the provision that it shall be retained by the party to whom it is paid on default of the other to complete the contract, is ordinarily regarded as a liquidation of damages."

The case of Lipscomb v. Fuqua, 103 Tex. 585, 131 S. W. 1061, is cited in support of the above text, and in fact and on principle is analogous to this case. See, also, Nelson v. Butler (Tex. Civ..App.) 190 S. W. 811.

Under our above holdings, appellants' other assignments become immaterial and are overruled.

On appellee's motion a suit of O. C. Bevers, appellee here, against Wahpoo Oil Company for an indebtedness contracted during the time appellants were in control and management of the corporation under the contract, was consolidated with this suit upon the theory that if the indebtedness was declared valid it should be taken into account in fixing the amount of appellee's damages in this case. Bevers recovered judgment, in that case from which no appeal is taken by the oil company. Appellants recite the judgment in their appeal bond and complain that they are affected by it because the jury took it into consideration in determining the amount of debts the corporation owed and in fixing appellee's damages. Since we are holding appellee. not entitled to recover any damages that judgment becomes immaterial, and since there is no appeal by the parties to that judgment, we will take no cognizance of it here.

The judgment appealed from will be affirmed in part, and in part reversed, and here rendered as stated in this opinion.

Affirmed in part, and in part reversed and rendered.

### On Motion for Rehearing.

[3] Appellee contends by his motion for a rehearing that we should not reverse and render judgment in favor of the appellants Way, but that we should reverse and remand the case because he asserted two causes of action by his pleadings, one on the contract passed upon by this appeal, and another for misappropriation of the corporate funds by the Ways and Bevers. The latter cause of action, if appellee had any such cause of action independent of the contract, which question we do not find it necessary to determine, was not submitted to the jury by the trial court, nor was it requested to be submitted by appellee in so far as the record discloses, and appellee has not cross-assigned error here because the court failed or refused to try or submit that cause of action to the jury. Under such circumstances, appellee will be held to have waived the cause of action in reference to misappropriation of corporate funds.

Appellee insists that we erred in taxing all costs of this appeal against appellee. Our judgment only taxes the costs incurred in the suit of appellee against the appellants Way in their favor. But costs incurred on this appeal by reason of the appellants Way attempting to appeal from the judgment in favor of the Bevers against the. Wahpoo Oil Company, to which suit appellants Way were not parties, and for which reason we took no cognizance of the judgment on this appeal, were and are here taxed against appellants Way.

With the above explanation of our opinion and judgment rendered herein, appellee's motion for a rehearing will be overruled in all things.

Motion overruled.