**NEWTON et al. v. McCARRICK.**

No. 2659.

Court of Civil Appeals of Texas. Beaumont.

Oct. 25, 1934.

Rehearing Denied Oct. 31, 1934.

Sidney P. Chandler, of Corpus Christi, for appellants.

H. J. Passmore, of Robstown, and L. H. Jones and D. B. Kirkham, both of Corpus Christi, for appellee.

O'QUINN, Justice.

James G. McCarrick, appellee, brought this suit in the 117th district court of Nueces county, Tex., against appellants to restrain the sale of certain property described in his petition. He alleged that he was the owner in fee of a one-third interest in two certain oil and gas leases covering the lands described in his petition, same situated in said Nueces county; that an execution had been issued at the instance of appellants and levied by the sheriff of Nueces county, Paul Cox, upon a one-sixth interest in his said leases, as the property of W. A. Richardson, a third party, and judgment debtor of appellants; that he (appellee) was not a party to said judgment, and was in no manner bound thereby; that W. A. Richardson, the judgment debtor, had no interest of any nature, legal or equitable, in the one-third interest in said leases owned by him. He further alleged that the one-sixth interest in said leases levied upon by appellants constituted a part of his one-third interest, which was owned wholly by him; that such sale, unless restrained, would cast a cloud upon his title, and that irreparable injury would result to him from such sale.

Appellants answered by general demurrer, numerous special exceptions, general denial, and specially answered and alleged:

(a) That the judgment debtor, W. A. Richardson, was the equitable owner of the one-sixth interest in said leases upon which they had levied; that appellee, McCarrick, was holding the legal title to said one-sixth interest in said leases upon which levy had been made for the benefit of said W. A. Richard-

son; and that said W. A. Richardson had acquired and was the owner of said one-sixth so levied upon by and in virtue of a certain contract of date December 7, 1932, between James G. McCarrick, appellee, and the Shasta Oil Company, executed for the purpose of developing certain oil and gas leases, in which James K. Kepley and W. A. Richardson joined with appellee, and by virtue of which said W. A. Richardson became the owner of the one-sixth interest in the leases involved levied upon.

(b) That this suit was brought by appellee for the purpose of furthering a plan between appellee and W. A. Richardson, the judgment debtor, to defraud the creditors of said Richardson, and not to prevent a cloud being cast upon the property of appellee; that, if the legal title to the property involved was in appellee, yet the equitable title thereto was in Richardson, and appellee was holding the title to said property as trustee for the creditors of Richardson because said property was acquired by appellee with trust funds in the hands of appellee derived from personal property belonging to Richardson and transferred to appellee by Richardson in violation of the Bulk Sales Law of Texas (Rev. St. 1925, arts 4001–4003), wherefore the one-sixth interest in said leases so acquired by appellee was subject to execution for the debts of Richardson.

(c) That appellants' judgment against Richardson upon which the execution was issued was by appellants duly abstracted and filed according to law in the abstract judgment records of Nueces county, which thereby became and was a lien on the property of W. A. Richardson subject to execution, as was the one-sixth interest in the leases in controversy, and prayed for foreclosure of their alleged lien.

Appellee by verified supplemental petition replied to the answer of appellants by general denial and special exceptions, and specially denied the several matters of defense therein contained.

The case was tried to a jury upon special issues, in answer to which, among other things, they found (a) that appellee, McCarrick, was not holding the title to the one-sixth interest in the leases levied upon for W. A. Richardson; and (b) that on or about September 1, 1928, Richardson did not transfer his property to James G. McCarrick for the purpose of defrauding his creditors. Upon the verdict judgment was rendered for appellee permanently restraining appellants from levy-

474

ing upon or selling the interest in said leases so levied upon. This appeal is from that judgment.

■ Appellants' contention, presented by several assignments of error and propositions, that appellee's pleadings were not sufficiently full and certain to entitle him to injunctive relief, are overruled. The main contention is that appellee's petition was defective because it failed to allege that the interest levied upon was not a part of the other two-thirds (than the one-third claimed by appellee) interest in the leases covering the lands described by appellee. Also that the petition failed to state all the material and essentials necessary to entitle appellee to the relief asked. Appellee, among other things, alleged that he was the owner in fee of a one-third interest in the leases involved; that W. A. Richardson, the debtor in the judgment based upon which the execution was issued, did not have, and never had, any interest, legal or equitable, in the one-third interest owned by appellee in said leases, nor any part thereof; that he, appellee, was not a party to the suit in which the judgment against Richardson was rendered, and was not in any manner bound by said judgment; that the levy of appellants' execution upon a one-sixth interest in said leases was a levy upon a portion of his (appellee's) one-third interest in same, and a sale under execution of the one-sixth interest so levied upon would be a sale of one-sixth of his interest, and would cast a cloud upon his title, unless the sale was enjoined, and prayed for an injunction to prevent such sale. These allegations were sufficient upon which to base his right to an injunction.

■ Moreover, if it could be said that the allegations of appellee were not sufficiently certain as to his ownership of a portion of the property levied upon by appellants, these allegations, if necessary, were aided by the allegations of appellants in their answer to appellee's petition. In paragraph 3 of their answer they denied that appellee owned in fee simple the one-third interest by him claimed in said leases, and denied that he held the legal and equitable title thereto, and asserted that "the legal title to said leases is in plaintiff for the benefit of W. A. Richardson, who owns the equitable title, and that such was the fact at the time of the levy of the execution." In paragraph 10 of their answer, they say: "* * * And they further admit that such execution was levied upon an undivided one-sixth interest in the leases, covering the lands described in plaintiff's petition, as the property of W. A. Richardson, but they deny that

the property levied upon is the property of plaintiff, and say that such property was and is the property of W. A. Richardson if it is the property of any party to this suit, but in any event, it is not the property of the plaintiff." In paragraph 13 they say: "The defendants say that though the legal title to said property may be in the plaintiff that the equitable title is in W. A. Richardson, and the defendants say that under the law, in any event, the plaintiff is holding the title to the said property as a trustee for the creditors of W. A. Richardson. * * *" These and other allegations of appellants in their answer plainly show that the execution was intended to be and was levied upon one-sixth of the one-third interest in said leases claimed by appellee, they asserting that such was not the property of appellee, but was then and there the property of the judgment debtor, W. A. Richardson. We think there can be no question but that appellee's petition was sufficient to present to the court the question of his right to an injunction.

■ Furthermore, under the statute, article 4642, R. S. 1925, subd. 4, appellee having alleged that he was the owner in fee of a one-third interest in the leases involved, and that W. A. Richardson, the debtor in the judgment by virtue of which the execution was issued and levied upon the property, had no interest, legal or equitable, in the one-third interest of appellee, and that a sale of the property under such execution would result in a cloud on his title to his said property, he was entitled, if the facts alleged by him were true, to the injunctive relief as by him prayed.

■ The third and fourth assignments of error complain that it was reversible error for the court to permit the witness W. H. Sanford to testify (by deposition) that he was informed at the time he drew the contract between James G. McCarrick and the Shasta Oil Company looking to the development of the oil leases that McCarrick, appellee, held the title to the leases mentioned in the contract. The objections to the testimony were that it was hearsay as to Sanford, and an attempt to establish title by parol hearsay testimony.

The record shows that on September 10, 1932, Frederico Quiroz and his wife, Guadalupe C. Quiroz, executed to James G. McCarrick, appellee, an oil and gas lease covering the 81.1 acre tract involved. On December 22, 1932, N. Erigan and wife Myrtle Erigan executed an oil and gas lease to the Shasta Drilling Company covering the 10.6 acre tract in question. July 26, 1933, the Shasta Drill-

ing Company assigned an undivided one-third interest in this lease to James G. McCarrick.

On December 7, 1932, James G. McCarrick, desiring assistance in the development of the above-mentioned leases for oil, together with several other leases by him then owned and held, entered into a written contract with the Shasta Oil Company whereby he assigned and conveyed to said company an undivided one-half interest in said leases in consideration of said company acting jointly with him in developing the leases. One of the conditions of the contract was that McCarrick should furnish the drilling rig with which to operate.

W. H. Sanford was the attorney for the Shasta Oil Company, and at the request of Clifford Mooers, president of said company, drew up the contract. He lived at Dallas, Tex., but went to Corpus Christi, Tex., to meet the parties and draw the contract. There he met Mooers, James G. McCarrick, James K. Kepley, and W. A. Richardson. All but Mooers were strangers to him. Kepley and Richardson were present at the request of McCarrick. After fully conferring as to the leases and the proposed development of them, agreement was had between McCarrick and the oil company and the contract was by them executed. As stated, McCarrick was to furnish the drilling rig. He had no rig, but Kepley did, and McCarrick agreed with Kepley for the use of his rig, McCarrick to assign to Kepley a one-sixth of his interest in the leases in question for the use of the rig. While asking questions relative to the leases for the purpose of getting information from which to draw the contract, Sanford asked who owned the leases, and was told that McCarrick was the owner. He asked Richardson and Kepley if they had any interest in the leases, and they said they did not. The question of danger of destruction of the drilling rig by gas explosions was discussed, and Mooers said the company would not be responsible for its loss or damage. Then Sanford asked Kepley and Richardson would they sign the contract, and at his request they signed same in an addenda thereto. The addenda reads:

"In consideration of One Dollar ($1.00) to each of us in hand paid, and of the execution of the foregoing contract by Shasta Oil Company, the undersigned W. A. Richardson and James K. Kepley do hereby assume and undertake to perform, jointly with the said James G. McCarrick each and all of the obligations, agreements and undertakings express and implied, imposed upon first party in the said contract or to be by first party kept and performed under the provision of said contract; and we further bind ourselves, and our and each of our heirs, representatives and assigns that the assignments to be executed and delivered by first party to second party pursuant to said contract shall be valid and effectual to vest in the Shasta Oil Company the rights and interests agreed to be conveyed to it under the terms of said contract without our joinder therein.

"Witness our hands this 7th day of December, A. D. 1932.

"[Signed]   W. A. Richardson
"James K. Kepley."

Sanford said: "Upon my arrival in Corpus Christi I conferred with Mr. McCarrick, Mr. Richardson and Mr. Kepley, all took part in the conferences respecting the contract. I was informed that Mr. Kepley was the owner of the rig which was referred to in the contract and the use of which was to be given the Shasta Oil Company under its terms. As a matter of precaution to protect my client, the Shasta Oil Company, in its use of the Kepley rig and further to protect it against any possibility of adverse claim with respect to these leases by the gentlemen other than Mr. McCarrick who were participating in the conferences, I required them to guarantee the performance of the contract."

This was his explanation as to why the addenda was added to the contract and why Kepley and Richardson signed same. This was corroborated by Kepley and Richardson.

Appellants insist that appellee, McCarrick, was holding the title to the leases in trust for Richardson, or that the relation of partners or joint adventurers existed between them, and that, such being true, Richardson's interest in the property was subject to their execution. This insistence is based mainly upon the fact that Richardson signed the addenda to the contract. Under these circumstances, the evidence of Sanford and the others who were present at the time the contract was drawn and executed as to what was said relative to the ownership of the leases was admissible as res gestæ statements made in connection with the business then being transacted, going to show the nature and character of ownership and possession of the property in question, and the purpose of the addenda to the contract. Sloan v. Sloan (Tex. Civ. App.) 32 S.W.(2d) 513, 519; 17 Tex. Jur. p. 651, § 273; 22 C. J. § 271, p. 270; 10 R. C. L. §§ 165, 166, pp. 983, 984. The assignments are overruled.

What we have said disposes of appellants' fifth assignment.

The sixth assignment complains that the court erred in permitting the witness Sanford and McCarrick to testify, over objections of appellants, as to their interpretations of the terms or provisions of the contract of December 7, 1932, between James G. McCarrick, appellee, and the Shasta Oil Company, looking to the development of the leases for oil. It is contended that the contract spoke for itself, was unambiguous, and that it was the duty of the court to construe same, and that parol evidence was not admissible in aid of its interpretation.

The seventh assignment complains that the court erred in refusing appellants' motion for an instructed verdict, because "as a matter of law, under the terms of the contract between Shasta Oil Company and James G. McCarrick, W. A. Richardson and James K. Kepley under date of December 7, 1932, Richardson was a mining partner or joint adventurer with said McCarrick and the other parties thereto."

We shall discuss these assignments together. The contract began:

"This agreement made and entered into this the 7th day of December, 1932, by and between James G. McCarrick of Nueces County, Texas, hereinafter called first party, and Shasta Oil Company, a corporation incorporated under the laws of Texas and acting herein through its proper agent and officer hereunto duly authorized hereinafter called second party: Witnesseth:" (Then follows the terms of the contract), and ends:

"In Witness Whereof, the parties hereto have executed this contract the day and year first above written.

"[Signed]   James G. McCarrick, First Party
          "Shasta Oil Company,
          "By Clifford Mooers, president,
                              Second Party."

Following this contract is the addenda which has been set out supra, but will here be repeated. It reads:

"In consideration of One Dollar ($1.00) to each of us in hand paid, and of the execution of the foregoing contract by Shasta Oil Company, the undersigned W. A. Richardson and James K. Kepley do hereby assume and undertake to perform, jointly with the said James G. McCarrick each and all of the obligations, agreements and undertakings express and implied, imposed upon the first party in the said contract or to be by first party kept and performed under the provisions of said contract; and we further bind ourselves, and our and each of our heirs, representatives and assigns that the assignments to be executed and delivered by first party to second party pursuant to said contract shall be valid and effectual to invest in the Shasta Oil Company the rights and interests agreed to be conveyed to it under the terms of said contract without our joinder therein.

"Witness our hands this the 7th day of December, A. D. 1932.

          "[Signed]   W. A. Richardson
                      "James K. Kepley."

Sanford's testimony against which this assignment is leveled has hereinbefore been set out. The matter complained here presented is that he said the addenda to the contract was to protect his client against loss that might occur in the use of the rig owned by Kepley and any possibility of an adverse claim with respect to the leases by Richardson or Kepley who were taking part in the conference out of which the contract grew. He said: "I required them to guarantee the performance of the contract" by McCarrick of his part. Appellants object to calling the addenda a guaranty, insisting that the addenda is an integral part of the original contract and to be considered as having been executed as such, thus making Richardson and Kepley joint undertakers with McCarrick in the venture instead of guaranteeing McCarrick's performance of all the things by him contracted to be done. We have already held that what was said and done by those present and participating in the conference preparatory to executing the contract was admissible. In ascertaining the purpose of the addenda to the contract signed only by Richardson and Kepley, the testimony was also admissible. This for several reasons: First, it was admissible as res gestæ of what was undertaken to be done and as to the capacities of those acting, and to show the interest, if any, and its character of those taking part in the conference and the nature of their respective undertakings by reason of the contract and addenda. Secondly, the testimony was admissible, in that appellants contended that the contract, including the addenda, constituted or made Richardson a mining partner, or joint adventurer with McCarrick and the others in the enterprise of developing the leases. In ascertaining whether a drilling contract evidences any element of a mining partnership, joint ownership of the properties involved, or joint adventurer in the enterprise, the court may look to the surrounding circumstances at the time the contract was

made, the situation and intention of the parties to the contract, and the subject-matter of the contract, and parol testimony is admissible for the purpose of throwing light on such matters, and this regardless of whether the language of the contract be ambiguous. Ryan v. Kent (Tex. Com. App.) 36 S.W.(2d) 1007. The consideration of such extraneous evidence is not to vary or contradict the terms of the instrument, but to aid the court in arriving at the true intention of the parties. Reed v. Ins. Co., 95 U. S. 23, 24 L. Ed. 348; Lipscomb v. Fuqua, 103 Tex. 585, 131 S. W. 1061. Thirdly appellants having alleged in their answer (a) that this suit was brought by appellee for the purpose of furthering a plan between him and Richardson to defraud the creditors of Richardson; and (b) that Richardson was operating his business affairs in connection with and under the name of appellee, McCarrick, for the purpose of defrauding his creditors, the testimony complained of, we think, was clearly admissible as an aid in discovering the intent with which the parties contracted and the character of interest the several parties had in the making of the contract. The testimony did not contradict the written terms of the contract, but was explanatory of, and wholly consistent with, same. 17 Tex. Jur. p. 802, § 358. In any event, no reversible error is shown because McCarrick and Richardson both on direct and cross examination testified without objection to the same matters as had been offered relative to the execution of the contract. Roman v. Goldberg (Tex. Civ. App.) 3 S.W.(2d) 482; Baker v. Farmers' Welfare Union (Tex. Civ. App.) 3 S.W.(2d) 155; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 43 S.W.(2d) 473.

■ The eighth assignment complains that the court erred in refusing appellants' motion for judgment non obstante veredicto, insisting that, as a matter of law, they were entitled to an instructed verdict because under the undisputed evidence they say appellee was not entitled to the relief sought. This assignment is overruled. We have mentioned the drilling contract entered into by McCarrick and the Shasta Oil Company and the addenda thereto signed by Kepley and Richardson. The contract nowhere discloses Richardson as a party to it, other than in the addenda attached after all parties had executed the contract, and this addenda and all the testimony relative to its execution plainly show Richardson's only undertaking was to guarantee that McCarrick performed the obligations by him undertaken as first party in the contract. There is no provision either in the contract or the addenda that points to Richardson in any wise receiving any benefit from the contract, nor is there any evidence showing that he had any interest in any wise, as owner, in any portion of the interest claimed by McCarrick, nor is there any evidence showing that Richardson did anything or spent or contributed any money in the development of the leases involved. The controlling question was who owned the one-third interest in the leases claimed by McCarrick. He testified that he was the owner in fee of the whole of the interest claimed by him, and that Richardson did not own or have any interest, legal or equitable, in same. Appellants asserted that McCarrick was not the owner of said property, but that Richardson was, and denied that the sale of the one-sixth interest levied upon would be a sale of any part of the property owned by McCarrick. They further asserted that McCarrick was holding the title to the property involved for Richardson. This issue was submitted to the jury, and they found against appellants' contention; that is, that McCarrick was not holding the title for Richardson. This finding has ample support in the record, and is decisive of the case.

■ The ninth assignment is: "The court erred in not submitting to the jury issues on the various groups of facts relied on by the defendants in their pleadings as their defenses and which were raised by the evidence, and which, if found to exist by the verdict of the jury, would establish such defenses."

This assignment cannot be considered, for it fails to specifically point out any error. It merely complains of several asserted errors, but does not point out any one of them. It is too general.

■ The tenth assignment urges that, as the ownership of the interest in the leases levied upon "was the main essential issue in the case," same should have been directly submitted to the jury for their finding, and, as same was not submitted, nor requested by appellee to be submitted, the court could not make such finding as a basis for recovery by appellee, as was done in the judgment. Appellee pleaded that he was the owner in fee of a one-third interest in the leases in controversy. He denied that Richardson had any interest, legal or equitable, in said interest. Appellants admitted in their pleadings that appellee held the legal title to the interest involved, but alleged that the equitable title was in Richardson and that appellee, McCarrick, held the title in trust for the benefit of

Richardson. It was undisputed that appellee held the title. The issue was as to whether he held same for Richardson. This issue was submitted to the jury and found against appellants. No necessity existed for submitting the question of whether McCarrick held title to the interest in the leases. Undisputed facts are not proper to be submitted to a jury for a finding as to their existence. Appellants' admission that appellee held the legal title to the interest in the leases by him claimed, and the finding by the jury that he was not holding same for the benefit of Richardson, was sufficient as a matter of law, in so far as appellants were concerned, to show ownership in appellee, and the court did not err in so finding, nor in rendering judgment accordingly.

No reversible error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.