## SMITH et al. v. FIRST NAT. BANK OF GRANBURY, TEX.

### No. 13669.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 18, 1938.

318

Estes & Estes, of Granbury, for appellants.

Sam Cleveland, of Austin, and Nelson Scurlock, of Fort Worth, for appellee.

BROWN, Justice.

Appellant Herbert Smith was a tenant on a ranch owned by Mrs. Winfield Scott, Sr., whose son, Winfield Scott, Jr., one of the appellants, lives on the ranch and acts as agent for his mother.

Appellant Smith in January, 1935, executed and delivered to First National Bank of Granbury, Tex., his promissory note in the sum of $935.86, due and payable July ˙28, 1935, and appellant Scott signed same as surety thereon. Concurrently with the execution of the note, Smith executed a chattel mortgage to secure the same, on certain crops grown and to be grown on said ranch, described as wheat, row crops, cotton, corn, and oats. The debt being due and unpaid, appellee bank brought suit in the district court of Hood county, and prayed for foreclosure of its chattel mortgage lien on the crops described in the chattel mortgage, and sued out a writ of sequestration, which was executed by the sheriff, in whose hands it was placed, by taking into his possession the crops then unharvested and growing in

the field. By an arrangement expressly made with Winfield Scott, Jr., Scott took over the gathering of the crops, which consisted only of cotton and corn in the fields.

When the case was tried on its merits, the writ of sequestration was quashed, because of certain errors apparent, and, although a jury was demanded, at the close of the taking of evidence, the trial court gave appellee bank, plaintiff below, a peremptory instruction. From the judgment rendered, which gave appellants credit for several items, they have appealed to this court, on the theory that their cross-action for damages for wrongful sequestration was ignored by the trial court.

The first assignment of error complains of the trial court overruling a plea of nonjoinder of parties, in that it appears that Mrs. Winfield Scott, Sr., was Smith's landlord, and she being entitled to a portion of the proceeds obtained from the crops grown on her place, that she was a necessary party to the suit. With this contention we cannot agree. Appellee was no more obliged to make the landlord a party to this suit than any junior lienholder is compelled to make a senior lienholder a party to his suit for debt and foreclosure.

The second assignment of error complains of the trial court overruling a special exception to the plaintiff's petition, which asserts that the mortgaged property is not described with such definiteness and certainty as that same can be identified. We overrule the contention. We believe that the allegations are sufficient.

It appears that the trial court sustained special exceptions to paragraphs 10, 18, and 19 of the defendants' answer and cross-action, and that the trial court then and there gave the defendants leave to amend, but defendants declined to amend, and chose to stand on their allegations. The paragraphs referred to were allegations in which the defendants sought to recover damages for wrongful sequestration. The allegations are too general and constitute mere conclusions on the part of the pleader, and do not specifically set forth any proper measure of damages. Therefore, the third and fourth assignments of error, which complain of the sustaining of these exceptions to paragraphs 10, 18, and 19 of the defendants' pleading, are overruled.

Assignments of error 5 and 6 complain of the trial court sustaining the plaintiff's exceptions to paragraphs Nos. 20 and 21 of the defendants' answer and cross-ac-

tion, but no such action appears to have been taken during the trial of the case, and there is no merit in these assignments of error.

Assignments Nos. 7, 8, 9, 10, 11, 12, 13, and 14 complain of the refusal of the trial court to give the jury eight certain specially requested issues. We believe that the trial court properly gave the peremptory instruction to find for the plaintiff below, and none of the issues presented could have been material to the rendition of the judgment.

The chattel mortgage expressly gave the mortgagee the right, after the maturity of the debt, to take into its possession the mortgaged property. Therefore, even though a writ of sequestration did issue, and even though the writ were quashed, as was done in this case, nevertheless, the mortgagee would not be liable for wrongful sequestration, but we wish to definitely state that, even under such circumstances, after the mortgagee has taken the property from the hands of the mortgagor, if same were negligently handled by the mortgagee, and damages resulted by reason of such negligence, the mortgagor would undoubtedly be entitled to recover damages, but in the case before us, the evidence failed to disclose any damages caused to the mortgaged property by reason of any negligent handling or action upon the part of the mortgagee, and the peremptory instruction was proper. The fifteenth assignment of error complains of the giving of the peremptory instruction on the part of the plaintiff, and, for the reasons given, it is overruled. Nichols v. Paine, 52 Tex.Civ.App. 87, 113 S.W. 972, writ denied.

The judgment of the trial court is affirmed.