W. P. FULLER v. THE STATE.

No. 2863. Decided May 24, 1905.

**Disturbing the Peace—Information—Statutes Construed.**

An information under article 334, Penal Code, which used the word " wilfully " instead of "rudely," and which alleged the deadly weapon to be a "club of wood" is bad on motion to quash.

Appeal from the County Court of Atascosa. Tried below before Hon. W. M. Abernathy.

Appeal from a conviction of disturbing the peace; penalty, a fine of $1. The opinion states the case.

*Jas. A. Waltom,* for appellant.—Saltillo v. State, 16 Texas Crim. App., 249; Hernandez v. State, 17 Texas Crim. App., 151.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information charges that appellant, "did then and there go into and near a public place to wit: a certain store-house, then and there owned and occupied by S. G. Cross, and he, the said W. P. Fuller, did then and there unlawfully and wilfully display a certain deadly weapon to wit: a certain club of wood in a manner calculated to disturb the parties who were then and there assembled and resorted for purposes of business," etc. Motion is made to quash the complaint and information, presenting various reasons. Article 334, Penal Code, denounces a punishment against those who "rudely display any pistol or other deadly weapon in a manner calculated to disturb," etc. It will be noted that the information charges appellant "wilfully and unlawfully" displayed a deadly weapon. "Wilfully" is not synonymous with "rudely"; nor does it convey the same meaning. The instrument could be displayed "wilfully" or "unlawfully" without coming within the terms of this statute. We are also of the opinion that the club is not a deadly weapon within the contemplation of this statute. A club may or may not be a deadly weapon. It was the evident purpose of the Legislature to confine the deadly weapons mentioned to pistols, guns, or weapons of like character, usually understood to be deadly. The evidence shows that the club was a hickory stick, a little longer than an ordinary walking stick, weighed eleven ounces, and could hardly be termed a deadly weapon,

within the purview of this statute. The manner of it being displayed, is thus described: "The defendant attempted to strike with said stick and displayed the stick in this manner (witness here took the stick by the small end and made three or four motions up and down as if to strike some object)." The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*