TOM PIERCE NICHOLS v. H. A. PAINE.

Decided October 28, 1908..

1.—Sequestration—Damages—Mortgage Foreclosure—Right of Possession.

No damages can be recovered for unlawfully suing out a writ of sequestration in foreclosing an overdue mortgage on personal property, where the contract itself gave the mortgagee the right to take possession of the property on default in payment.

2.—Appeal—Damages for Delay.

That an appeal was taken for delay can not be inferred from the fact that appellant filed his bond and transcript on the last days allowed by law therefor.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*A. H. Jayne,* for appellant.

*W. G. Love* and *R. J. Channell,* for appellee.

RICE, ASSOCIATE JUSTICE.—This suit was instituted by appellee against appellant for the recovery of $580, together with eight percent interest thereon and ten percent attorney's fees, evidenced by three certain promissory notes executed by appellant and payable to appellee, of date November 19, 1905, aggregating said amount, and for the foreclosure of a mortgage lien upon one certain hoisting engine, given as security therefor. Said notes were alleged to have been unpaid and long past due, and that a necessity existed for the enforcement of their collection by suit. A copy of said mortgage was attached to said petition, and contained, among other things, a clause to the effect that, if said notes were paid according to their tenor, the same should be null and void; but

in case of failure or refusal to pay said notes, or either of them, according to their tenor and effect, then the owner or holder of said notes, or such of them as were unpaid, would be authorized to take possession of said property so mortgaged, and for said purpose to make entry upon any land and remove any obstruction necessary, and by giving ten days' notice in writing of the time, place and terms of sale, posted at the courthouse, with or without taking possession of said property, and with or without the same being present at said sale, to sell the same and execute to the purchaser a bill of sale thereof, directing that the proceeds of said sale should be applied first to the payment of said notes and interest and attorney's fees, and the balance, if any, to be paid to said mortgagor.

At the time of filing of said suit plaintiff likewise sued out a writ of sequestration, which was duly levied upon said hoisting engine. In his affidavit to secure said writ of sequestration plaintiff stated that he feared the defendant, who was in possession of said engine, would injure and ill-treat the same during the pendency of the suit, etc.

Defendant, in his answer, admitted the execution and delivery of the notes and mortgage mentioned, but by way of reconvention alleged that appellee had wrongfully sued out the writ of sequestration, in that he did not fear that appellant would injure and ill-treat said property during the pendency of said suit; that said writ was sued out without any reasonable grounds for fearing that appellant would injure and ill-treat said property, and that the same was wrongfully and maliciously sued out for the purpose of injuring the appellant; that at the time said writ was sued out appellant was using said engine with other machinery in raising some railroad iron from the bottom of the Trinity River, and that plaintiff knew that if defendant were deprived of the use of said machine at said time, in the performance of said work, it would cause him great loss and damage, and that as a result of the suing out of said writ the constable, in whose hands the same was placed for execution, took possession of said engine, kept the same in his possession for ten days, until replevied by appellant, as a result of which appellant had sustained damages in the sum of $1,000, and exemplary damages in the sum of $4,000, for which he prayed judgment.

Upon the trial plaintiff introduced in evidence the notes and chattel mortgage and proved the value of the property sequestered; whereupon appellant offered in evidence in support of his cross-action the affidavit for sequestration, together with other evidence showing that said affidavit for the writ of sequestration was untrue, as well as evidence to show that said writ was maliciously sued out, to the introduction of which evidence appellee objected on the ground that no cause of action was shown by said petition; and further, because the mortgage gave appellee the right to take possession of said engine at the time said writ was sued out, and as appellee had the right to seize said property under his contract with appellant, he could not be held liable for damages resulting from the seizure of said property by said writ.

This objection was sustained by the court, and the jury were instructed to return a verdict for appellee for his debt and foreclosure of his mortgage, which was accordingly done, and judgment entered for plaintiff thereon, from which this appeal is prosecuted.

The appellant urges by his first assignment that the court below erred

in the trial of this cause in excluding all the evidence offered by him tending to prove each and all of the allegations of his cross-bill, and in peremptorily instructing the jury to find a verdict against him thereon. It will therefore be seen that the question raised is whether or not the fact of appellant's having given a mortgage which authorized the plaintiff to take possession of the engine with the usual power of selling same in default of payment of his debt, would preclude defendant from recovering damages for the seizure of the same by sequestration upon showing that the grounds stated to obtain the writ therefor were untrue, and further, that the same was maliciously sued out, by reason of which defendant suffered damages.

This question has been heretofore determined adversely to appellant's contention. In the case of Wedig v. San Antonio Brewing Ass'n, 25 Texas Civ. App., 158, Justice Collard, in delivering the opinion of the court, said among other things: "It will be seen by the terms of the mortgages that the Brewing Company, defendant, had the right to take possession of the property and sell it to pay the debt secured thereby, or any part of the debt. The petition shows that the debt had not been paid in full, and the right to take the property into possession can not be questioned. The exercise of that right and securing it by process of the court could not be ground for damages." Citing Harling v. Creech, 88 Texas, 300. The Wedig case was one in which, as in this, the plaintiff had executed a mortgage for the security of a debt, and the defendant, the debt being past due, had sued out a writ of sequestration and taken possession of the property thereunder, and the suit was brought by the plaintiff to recover damages for the alleged illegal suing out of said writ, and depriving him of possession of said property by reason thereof; the court saying further in said opinion that "the defendant is only charged with doing an act which the contract declared it could do, and it is difficult to see how it would render itself liable for doing it."

In the case of Singer Manfg. Co. v. Rios, 96 Texas, 174, on certified question from this court to the Supreme Court, it was held that the provision in a chattel mortgage that the mortgagee may enter the mortgagor's premises and take possession of property on default of payment is valid, and constitutes a defense against an action for trespass in so taking possession, if the same was done peaceably, even though without the consent of the mortgagor; and Judge Gaines, in reviewing the case of Harling v. Creech, *supra,* held that that case announced a correct doctrine.

We therefore think that there was no error on the part of the trial judge in excluding said testimony so offered by defendant, and in directing a verdict in behalf of plaintiff, as he did, and therefore overrule this assignment.

Appellee urges an affirmance of the judgment of the court below with damages, and insists that the record discloses a manifest purpose on the part of appellant to delay the enforcement of the judgment of the court below by resorting to an appeal and the suspension of the execution of said judgment without any reasonable cause for complaint against the same. Nothing is shown in support of this contention except that the appeal bond and transcript were filed by appellant respectively on the last days that the same could lawfully have been filed, and that no briefs

were filed in the court below, and none were filed in the Appellate Court at the time of the filing of the transcript. Appellant, before the submission of this cause, however, had duly prepared and filed his brief herein, and no postponement of the cause was occasioned by his failure to file said brief. The law having given the appellant a definite time within which to file his appeal bond and transcript, and the same having been filed within that time, notwithstanding the fact that each of these acts was done on the very last day on which he had the right to do them, still we do not believe that these facts alone would constitute such delay on his part as would justify the belief that the appeal was taken merely for delay, and, so believing, we decline to sustain appellee's contention, and overrule the same.

Believing no error has been shown in the action of the trial court, its judgment is affirmed.

*Affirmed.*

Writ of error refused.