**Gustave Horn, Defendant in Error, v. Michael Zimmer, Sheriff, Plaintiff in Error.**

**Gen. No. 18,187.**

1. REPLEVIN—*when cannot be maintained.* Plaintiff cannot maintain a replevin action for certain saloon property where it appears that the property belonged to his brother for whom he was managing the saloon.

2. REPLEVIN—*when admission of evidence as to damages for the taking and holding of property under execution is error.* Where plaintiff cannot maintain a replevin action instituted against a sheriff for certain property taken under an execution, he has no claim for damages for the taking and holding of the property under the execution and the admission of evidence as to damages is error.

Error to the Municipal Court of Chicago; the Hon. CHARLES E. JENNINGS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed with finding of fact. Opinion filed May 9, 1913.

THOMAS J. YOUNG, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This writ of error brings before this court for review a judgment in a replevin suit in favor of the plaintiff below, defendant in error, Gustave Horn, against plaintiff in error as sheriff, who had levied an execution issued in a certain suit of *Fortune Bros. Brewing Company v. Adam Maurer and Eliza Maurer* on certain saloon property.

The plaintiff's evidence did not show or tend to show that the plaintiff had any right, title, special property, interest, or right of possession in the property levied on, and the trial court should have sustained the defendant's motion to dismiss at the close of plaintiff's case. The plaintiff's testimony shows that the property belonged to his brother William Horn, and that the plaintiff was managing the saloon as agent for him. The plaintiff therefore had no right to institute and maintain the action of replevin. *Pease v. Ditto,* 185 Ill. 317, 189 Ill. 456; Cobbey on Replevin (2nd) Sec. 150. This being so the plaintiff had no right or claim for damages against plaintiff in error for taking and holding the property under the execution, and the admission of evidence as to damages was erroneous.

The judgment is reversed with a finding of fact.

*Reversed with finding of fact.*