## GUARANTY SECURITIES CO. v. BROWN.*
### (No. 2771.)

(Court of Civil Appeals of Texas. Texarkana. June 14, 1923. Rehearing Denied June 28, 1923.)

1. Chattel mortgages ⊜210—Principal and agent ⊜119(5)—After assignment, payment to original mortgagee not valid, unless he is agent to receive payment; agency must be proved by one alleging it.

Where mortgagor knew that the mortgage had been assigned, and that the original mortgagee was indorser of the notes secured, payment to the original mortgagee was not a satisfaction of the notes, unless he was assignee's agent to collect the notes, and it devolved upon the mortgagor to prove such agency.

2. Principal and agent ⊜105(6)—Indorser without possession held not agent to collect notes.

Where mortgagor knew that the mortgage had been assigned, and that the original mortgagee was indorser of the notes secured, and the original mortgagee did not have possession of the notes, the mere fact that he had received former payments and transmitted the money to the assignee did not make him the agent of the assignee to receive payments of the notes.

3. Chattel mortgages ⊜161—Insecurity clause held to authorize seizure of mortgaged property without regard to conditions warranting writ of sequestration.

In a chattel mortgage, an insecurity clause *held* to authorize a seizure of the mortgaged property without reference to conditions legally justifying issuance of writ of sequestration.

4. Sequestration ⊜20—Evidence held insufficient to sustain award of damages for seizure of automobile under writ of sequestration.

In an action on a sequestration bond to recover damages for the seizure of an automobile

under a writ of sequestration in another suit brought to enforce payment of two notes given as part payment for the automobile, evidence establishing that such notes had not in fact been satisfied and that the seizure under such circumstances was authorized by the mortgage securing the notes *held* insufficient to sustain a judgment for plaintiff.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Mrs. M. Brown against the Guaranty Securities Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Phillips, Trammell, & Chizum, of Fort Worth, and W. B. Hamilton and Irish & Henderson, all of Dallas, for appellant.

Samuels & Brown and C. C. House, all of Fort Worth, for appellee.

HODGES, J. This appeal is from a judgment against the appellant for damages resulting from the alleged wrongful seizure of an automobile belonging to the appellee. Briefly stated, the material facts are as follows: On February 5, 1919, Mrs. Brown, the appellee, purchased, in Fort Worth, a car from G. O. Hall, who was doing business under the name of the Hall Motor Company. She paid $400 in cash and executed nine notes for $28.75 each. The first of these notes matured on March 15, and the remaining notes matured in monthly installments, the last falling due on November 15. At the same time a mortgage was executed on the automobile to secure the payment of the notes. Before any of the notes matured, they were indorsed and assigned by Hall to the Guaranty Securities Company, the appellant in this suit. Five of the first notes were paid at maturity to Hall, and the money transmitted by him to the appellant. Those notes were later sent to Hall marked "Paid" with the appellant's stamp. When Mrs. Brown paid money to Hall she did not then get the note for which payment was made; Hall would tell her in each instance that he did not have the note but would get it for her later. When she paid the note due one month she would get that note the following month when making the next payment. Before the September note matured, Hall went out of business and was succeeded by Martin & McMains, doing business under the name of Martin-McMains Motor Company. These parties were authorized by Hall to receive any collections due him. Mrs. Brown paid the September and October notes to Martin & McMains, who later turned the money over to Hall, but the latter failed to pay it over to the appellant, and Mrs. Brown never got possession of those two notes. The November note was paid to the appellant by Mrs. Brown at Dallas. She was then reminded that the two prior notes

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted October 24, 1923.

had not been paid, but refused to make further payment, claiming their satisfaction by virtue of the payment made to Martin & McMains. Appellant brought this suit to enforce the collection of those two notes. It also sought a foreclosure of the mortgage on the car. Upon an affidavit stating that the plaintiff feared that Mrs. Brown would injure the car, a writ of sequestration was issued, and the car taken by an officer. This suit was instituted by Mrs. Brown against the appellant on the sequestration bond for damages resulting from the seizure of her automobile under the writ of sequestration. It is alleged that the notes sued on had been paid, and that the writ was wrongfully and maliciously sued out. She sought both actual and exemplary damages.

Special issues were submitted to the jury, and the following is the substance of the findings of fact: (1) That G. O. Hall received the money on the first eight notes executed by Mrs. Brown for the appellant with its knowledge and consent; (2) that R. B. Stichter, the president of the appellant company, knew that the money had been paid to Hall before its suit was filed against Mrs. Brown; (3) that the secretary, who made the affidavit for the writ of sequestration, did not fear that Mrs. Brown would injure the car as stated therein; (4) that Mrs. Brown was prevented by the writ of sequestration from pursuing her real estate business. The jury further found that the value of the car was $325, and that Mrs. Brown had been actually damaged in the sum of $1,575, and assessed $50 as exemplary damages. Upon those findings the court entered a judgment in favor of the appellee for $1,950.

[1, 2] The controlling question in this appeal is, Were the two notes due in September and October satisfied by the payment to Hall? It is undisputed that Mrs. Brown did pay the amount due upon those notes to Martin & McMains, and that these parties subsequently delivered the money to Hall. The latter, however, never remitted to the appellant. Unless Hall was appellant's agent for the purpose of collecting those notes, a payment to him was not a satisfaction of the notes. It devolved upon Mrs. Brown to prove such agency. The only evidence of agency is the fact that Hall had received former payments and transmitted the money to the appellant. Hall was himself an indorser of the notes, and did not have possession of them. The evidence fails to show that he had been given any authority to make such collections for the appellant. The fact that he received money from Mrs. Brown and transmitted it to the appellant was as much evidence of an agency for her as for the appellant. Appellant's knowledge of Hall's activity and his manner of collecting the money would not alter the character of the transaction, or make him the agent of the appellant. We conclude that the evidence conclusively shows that the notes due in September and October were unpaid at the time the appellant instituted its suit against Mrs. Brown. Hall was not appellant's collecting agent.

[3] The chattel mortgage given by Mrs. Brown to secure the payment of her notes contained this provision:

"It is a further condition of this instrument that, if the payees or legal holder of said indebtedness, or either of them, deem themselves insecure in the payment of said indebtedness by reason of the depreciation of the value of said automobile, caused in any manner or way by its use and operation by the owner thereof, that the parties, or either of them, shall have the right also to take immediate possession thereof under the terms and stipulations hereof and to make sale thereof as above stated and apply the proceeds as above indicated; and in the determination of this question of depreciation the judgment of the payees or legal holder shall be conclusive and binding on the undersigned or upon any one in whose possession the car may come."

That provision authorized the seizure of the mortgaged property, without reference to conditions which legally justify the issuance of a writ of sequestration. Nichols v. Paine, 52 Tex. Civ. App. 87, 113 S. W. 972, and cases there cited.

[4] Mrs. Brown knew that the appellant was the owner and holder of the notes. She knew that Hall was an indorser. She also must have known the nature of the instrument which she executed for the purpose of securing the payment of the notes.

The evidence was not sufficient to support the judgment rendered, and that judgment will therefore be reversed, and judgment here rendered in favor of the appellant.

---

⚜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

