## SIMPSON v. ZUEHLKE.
### No. 7446.

Court of Civil Appeals of Texas. Austin.
April 2, 1930.

Rehearing Denied April 16, 1930.

Thos. W. Thompson, of Giddings, for appellant.

E. T. Simmang, of Giddings, for appellee.

### BLAIR, J.

Appellant sued appellee in the county court of Lee county to recover $125, as actual, and $200, as exemplary, damages for alleged wrongful sequestration of his automobile; and also to set aside a judgment rendered at a former term of the same court in favor of appellee against appellant for a balance of about $50 due on a note, and to foreclose a mortgage lien on said automobile, valued at $75 and securing the note, it being alleged that the judgment was procured through fraud, in that the note and mortgage had been fully paid, and that the judgment was in fact based upon insufficient pleadings. A demurrer was sustained to the petition on the ground that it appeared from the facts alleged that appellant appeared in person and by counsel in the justice court, and in the county court on his appeal by counsel and urged as a defense to said suit that the note and mortgage had been fully satisfied. These facts are alleged, and there can be no fraud in taking the judgment, where appellant had every opportunity to and did urge the same defense that he now urges as ground to set aside the judgment. Davis v. Cox (Tex. Civ. App.) 4 S.W.(2d) 1008, and cases there cited.

Another demurrer was sustained on the ground that this suit by appellant was simply an attempt to file a motion for a new trial after adjournment of the term at which the judgment was rendered. The pleadings show such to be at least one purpose of the suit. However, appellant insists in this connection that the pleadings in the justice and county courts were upon open account, and not for recovery on the note; and that therefore the judgment on the note was void. Both the judgments recite that the suit was upon the note, and since the pleadings may be either oral or in writing in a case originating in the justice court, it will be presumed, in absence of a showing to the contrary, that the pleadings support the judgments. Vick v. Mobeetie Land Co. (Tex. Civ. App.) 24 S.W.(2d) 735. But in addition there appear in the record the pleadings filed in both the justice and county courts, and they show the suit to have been upon the note and mortgage in controversy

■ Another demurrer was sustained that the pleadings showed that the judgment sought to be set aside had determined finally all issues in this suit. This action was correct, because the pleadings show that appellee had brought suit upon the note and to foreclose a chattel mortgage on the automobile in question; and that out of that suit he caused the writ of sequestration complained of to be duly issued, and the automobile to be sequestered. The judgment foreclosed the mortgage and ordered the sale of the automobile thereunder, which was done, and the automobile was sold at public outcry for $46. The title or right to the chattel was therefore awarded to appellee, which would necessarily settle any cause of action arising from the sequestration of the property. Howe v. Central State Bank (Tex. Civ. App.) 13 S.W.(2d) 437.

We find no error in the trial court's judgment, and it is affirmed.

Affirmed.