W. E. WALLACE V. W. H. BURSON.

No. 7031. Decided October 26, 1938.
(120 S. W., 2d Series, 443.)

Judgments of both courts reversed and cause remanded.

*Critz & Woodward,* of Coleman, for plaintiff in error.

It was error for the court to hold that the wrongful sequestration of the property in question amounted to a conversion of the same by plaintiff. Riggle v. Automobile Finance Co. 276 S. W., 439; Norwood v. Interstate National Bank, 92 Texas 268, 48 S. W., 3; Watts v. Overstreet, 78 Texas 571, 14 S. W. 704.

*W. Marcus Weatherred,* of Coleman, for defendant in error.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

The facts of this case, together with the controlling law point passed on by the Court of Civil Appeals, is well enough illustrated by the following quotation from its opinion:

"Wallace sued Burson on a promissory note for $1,600.00 principal, less admitted credits, and to foreclose a chattel mortgage on 8 mules and certain farming implements. At the same time he sued out a writ of sequestration under which the mortgaged property was seized and later delivered to him under a replevy bond. The note was dated January 1, 1933, and was due January 1, 1934. The suit was filed October 16, 1933, and the note was declared due under an acceleration clause in the mortgage."

\* \* \* \* \*

"The ground upon which the sequestration writ was obtained is alleged in the affidavit to be: 'That the affiant, plaintiff herein, fears that the defendant will injure and illtreat said

property during the pendency of this suit, and that the defendant has ill-treated said property and injured the value of the same during the time he has had the possession thereof, since the execution and delivery of said mortgage.'

"Burson by way both of defense and cross action pleaded:

"(1) Fraud in the execution of the note and mortgage, for which he sought: (a) Cancellation and recovery of what he had paid thereon, or (in the alternative), (b) damages.

"(2) Wrongful procurement of the sequestration writ under allegations falsely and maliciously made, for which he sought, as a further alternative, damages both actual and exemplary.

"The cause was tried to a jury upon special issues covering each of the defendant's pleas, and judgment was rendered thereon, cancelling the note and mortgage, and awarding Burson $622.44, the amount he had paid thereon.

"Wallace has appealed.

"(1) We sustain Wallace's contention that the evidence does not support the finding of fraud in the execution of the contract."

\*   \*   \*   \*   \*

"The wrongful sequestration of Burson's property constituted its conversion; and since its found actual value ($1,732) was slightly in excess of the amount of Wallace's debt plus the amount of the trial court's judgment against him ($1,104.56 plus $622.44 equals $1,727), the error of the trial court in predicating his judgment upon the cancellation theory is harmless, so far as Wallace is concerned. He, therefore, cannot, and Burson does not, complain." Wallace v. Burson, 86 S. W. (2d) 803.

The one legal question controlling this case is the following: Is a mortgagee who exercises his statutory right to sequester personal property from the mortgagor and who keeps said property in its original form pending final judgment, guilty of conversion thereof from the naked fact alone of his wrongful sequestration of same. We think not. It is well just here to also make note of the fact that the theory of conversion was not apparently presented or relied on in the trial court. But aside from this we think the statute furnishes the exclusive remedy upon the particular facts of this record. See Title 119, R. S. 1925.

We do not have before us a case involving an absolutely void writ of sequestration, nor one where the mortgagee had placed it beyond his power to produce the property in court

because of a sale or destruction of same. If we had, a different question would be presented. Our holding is limited to facts which involve solely the question of a mere wrongful sequestration. The sequestration bond was given to protect the mortgagor against such a contingency and his remedy is therefore to be measured by the terms of the statute. Some of the cases which in principle support our holding are the following: Brown v. Guaranty Securities Co. 265 S. W. 547, 57 C. J. pp. 268, 269; Thorndale Merc. Co. et al v. Continental Gin Co., 217 S. W. 1059 (writ ref.) ; 9 Texas Jur. p. 170.

The case was disposed of both in the trial court and Court of Civil Appeals upon an erroneous theory. We think that common fairness demands that the case should be reversed and remanded rather than reversed and rendered. The issue of fraud is not in this case. There was no fraud proven as correctly held by the Court of Civil Appeals.

Judgment of the Court of Civil Appeals and that of the trial court is reversed and cause remanded.

Opinion adopted by the Supreme Court, October 26, 1938.