**WILLIS v. MAYS et al.**

**No. 11578.**

Court of Civil Appeals of Texas. Galveston.

Jan. 27, 1944.

Rehearing Denied Feb. 17, 1944.

A. F. Sundermeyer, of Houston, for appellant.

Walter F. Brown and Paul Maaz, Jr., both of Houston, for appellees.

MONTEITH, Chief Justice.

This action was brought by Terrence Willis for the possession of certain property located in Harris County, Texas, and to recover damages from V. B. Mays and the sureties on a sequestration bond executed by him, and from Walter Williams, a constable, and the sureties on his official bond, for the alleged wrongful suing out of a writ of sequestration, under which appellant Willis was alleged to have been dispossessed from his home. Appellant sought both actual and exemplary damages and judgment restoring said premises to him.

Appellees answered by defensive pleas. They specially pled that appellant's cause

of action was barred by the two years statute of limitations.

At the conclusion of the testimony the court instructed the jury to return a verdict in favor of appellees. Judgment was entered accordingly.

The record shows that on May 1, 1937, the firm of Mays & Britton, who were engaged in the real estate and building business in the City of Houston, entered into a written executory contract with appellant and his wife by the terms of which they agreed to sell to appellant and his wife certain property, consisting of a house and lot, located in what was known as Garden Acres, a subdivision in Harris County, Texas, for an agreed price of $1,685, of which sum appellant and his wife paid to Mays & Britton at the time of the execution of said contract the sum of $100 in cash and agreed to pay them the balance of said purchase price in monthly installments of $25 each on or before the first day of each and every month thereafter until the principal and interest due should be fully paid. It was agreed that when the purchase price had been fully paid Mays & Britton would convey the property to appellant and his wife by general warranty deed.

The contract contained the following provision:

"But in all cases time is the essence of this contract, and if default is made in the payment of any installment when due, the owners shall have the right to rescind this agreement and all moneys paid hereunder shall be retained by the owners as agreed liquidation damages and rent of said property, and it is further agreed that each default in the payment of any subsequent installment shall be a fresh breach of this contract, and that a failure of the owners to exercise their option at the time of any one default shall not operate to bar their right to exercise such option upon any subsequent default of the purchaser."

Appellant and his wife moved onto the property in question after entering into said contract of purchase and thereafter made two of the monthly payments provided for therein, a payment of $25 on June 5, 1937, and a payment of $30 on June 29, 1937. No further payments were made by them under the terms of said contract.

The record shows that, on or about the date when the next monthly payment became due, Willis notified Mays & Britton at their office in Houston that he would

make no further payments on the contract, for the reason that the property was too far away from the work in which he was engaged. Mays & Britton thereupon demanded possession of the property. But Willis refused to surrender possession thereof or to make further payments thereon and continued in possession of the property until the latter part of October, 1937, when he purchased and moved into another home at Harrisburg.

On October 11, 1937, Mays & Britton brought suit against Willis and wife for the title to and possession of the property in question and caused a writ of sequestration to be issued therein, and on the evening of October 12, 1937, the constable, Walter Williams, went to the property in question and delivered to appellant and his wife copies of the citation in that suit and read the writ of sequestration to Willis. Willis did not deliver possession of the property to the constable and the constable did not take any further steps toward ejecting them from the premises. The keys to the house were never turned over to him. An order was entered on October 30, 1937, quashing the writ of sequestration. The constable was later advised by the attorney representing Mays & Britton that the sequestration had been quashed and that he should return it unexecuted.

Willis testified that he remained in possession of the property in question for 15 or 16 days after the date on which he was served with citation and said writ of sequestration was read to him, and until he moved to the property he had purchased at Harrisburg. He testified that after his lawyer had told him that the writ of sequestration had been quashed, he put a rent sign on the property, locked it up, and nailed up the windows and doors, and tried for two months to rent the property but was unable to secure a tenant for it.

On October 15, 1938, Mays & Britton sold the property to another party who has occupied it at all times since.

The controlling question presented in this appeal is whether a vendor of land under an executory contract of sale wherein he is given the right to take possession of the purchased property on default in the payment of monthly installments of the purchase price due under the contract, who has filed suit in trespass to try title for the possession of said property, can be held liable for damages by taking such property by writ of sequestration, and whether the sureties on his sequestration bond and the constable who levied said writ and the sureties on his official bond can be held liable therefor.

It has long been the established law in this state that a mortgagee who has the right under his contract to take possession of the mortgaged property on default in payment of the debt secured cannot be held liable for damages by taking such property by writ of sequestration though it be alleged that the writ was wrongfully procured, on a false affidavit and for the purpose of injuring the mortgagor, since he has done no more by the writ than his contract gave him the right to do with it. Brunson v. Dawson State Bank, Tex.Civ.App., 175 S.W. 438; Wedig v. San Antonio Brewing Association, 25 Tex.Civ.App. 158, 60 S.W. 567; Nichols v. Paine, 52 Tex.Civ.App. 87, 113 S.W. 972.

In the case of Wedig v. San Antonio Brewing Association, supra [25 Tex.Civ.App. 158, 60 S.W. 570], the court in its opinion said:

"It will be seen by the terms of the mortgages that the brewing company, defendant, had the right to take possession of the property, and sell it, to pay the debt secured thereby, or any part of the debt. The petition shows that the debt had not been paid in full, and the right to take the property into possession cannot be questioned. The exercise of that right and securing it by process of the court could not be ground for damages. Harling v. Creech, 88 Tex. 300, 31 S.W. 357."

This language is quoted with approval in Nichols v. Paine, supra, and writ of error was denied in the Nichols case by the Supreme Court.

The holding above outlined has been uniformly followed by the courts of this state and was approved by our Supreme Court in the case of Bordelon v. Philbrick, 125 Tex. 460, 84 S.W.2d 710, 715, in which the fact situation is similar in all material respects to that in the instant case, in that it involved the sureties on both the official bond of the constable who served the writ of sequestration and the sureties on the sequestration bond. The court, in its opinion, said:

"We are of the opinion that to justify an action against a constable and the sureties on his bond for the full value of property taken under a writ of sequestration, it is necessary for plaintiff to show some sub-

stantial interest in the property, or at least that he was entitled to the possession as against the plaintiff in the sequestration suit, and that he has suffered some substantial damage by reason of the property not being returned. * * * It seems to be well settled that if one is in possession of property under mortgage which permits the mortgagee to take possession on default, he cannot maintain an action for damages if the property is taken under some kind of a writ, even though the writ be wrongfully procured. Brunson v. Dawson State Bank, Tex.Civ.App., 175 S.W. 438, and authorities cited. In this instance, so far as the proof shows, Metropolis Company had a right to obtain its property at any time. If perchance it resorted to sequestration in order to obtain its property peacefully (and the fair inference is that it did so), it is very questionable as to plaintiff's right to proceed against it for damages or to sue on the sequestration bond. This being true, we do not believe that plaintiff could hold the constable and his sureties liable under the constable's bond without showing a substantial damage to himself, which he could not do without proving a more substantial interest in the property than was shown. Horn v. Zimmer, 180 Ill.App. 323."

This holding has been followed in the following cases: Guaranty Securities Co. v. Brown, Tex.Civ.App., 254 S.W. 240; Brown v. Guaranty Securities Co., Tex. Com.App., 265 S.W. 547; Central Transfer & Storage Co. v. Wichita Falls Motor Co., Tex.Civ.App., 222 S.W. 688; Beatty-Folsom Co. v. Edwards, Tex.Civ.App., 238 S.W. 340; Lester v. Hawkins, Tex.Civ. App., 181 S.W. 481; Nichols v. Paine, 52 Tex.Civ.App. 87, 113 S.W. 972; Wedig v. San Antonio Brewing Association, 25 Tex. Civ.App. 158, 60 S.W. 567, 568; Wallace v. Burson, Tex.Civ.App., 86 S.W.2d 803; Id., 132 Tex. 15, 120 S.W.2d 443.

In the case of Fleming v. Lon Morris College, Tex.Civ.App., 85 S.W.2d 276, 279, it was held that where the vendee fails to perform a contract for the purchase of land and the vendor rescinds and sequesters the property, the vendee cannot recover rents for wrongful sequestration since the vendor had the right to rescind and was entitled to the possession of the land.

■ If a party who sequesters land is the owner of the land and entitled to possession, he cannot become liable for wrong-

fully suing out the writ of sequestration. Simpson v. Zuehlke, Tex.Civ.App., 26 S.W. 2d 663; Howe v. Central State Bank of Coleman, Tex.Civ.App., 13 S.W.2d 437; Id., Tex.Civ.App., 297 S.W. 692; 38 Tex. Jur. 255; Hunt v. Bagwell, Tex.Civ.App., 111 S.W.2d 312, 318.

■ Where a defendant is in possession of land under a void contract of sale and refuses to surrender possession, this constitutes probable cause, and if the plaintiff sequesters he cannot be held liable in damages; Cobb v. Johnson, 101 Tex. 440, 108 S.W. 811; Id., Tex.Civ.App., 105 S.W. 847.

In Clay County Land & Cattle Co. v. Skidmore, 26 Tex.Civ.App. 472, 64 S.W. 815, the vendee in an executory contract for the purchase of land had defaulted and the vendor sued for the land and caused it to be seized under a writ of sequestration. It was held that the vendor had the right of possession and that a judgment for damages against him could not be sustained.

■ Non-payment of purchase money entitles vendor to rescind. McCamly v. Waterhouse, 80 Tex. 340, 16 S.W. 19; Stephens v. Matthews' Heirs, 69 Tex. 341, 6 S.W. 567; Morrison v. Barry, Tex.Civ. App., 30 S.W. 376; Bunn v. City of Laredo, Tex.Com.App., 245 S.W. 426; Toler v. King, Tex.Civ.App., 11 S.W.2d 360; Maverick v. Perez, Tex.Com.App., 228 S. W. 148.

■ Rescission reinvests vendor with title and with the right of possession, as completely as if the contract had never been made. Gustafson v. American Land Co., Tex.Civ.App., 234 S.W. 244; Id., Tex. Com.App., 249 S.W. 189; Fleming v. Lon Morris College, Tex.Civ.App., 85 S.W.2d 276; Toler v. King, Tex.Civ.App., 11 S.W. 2d 360.

■ When the purchaser defaults in payment or performance his right of possession terminates. Masterson v. Cohen, 46 Tex. 520; Runge v. Gilbough, Tex.Civ. App., 87 S.W. 832; Id., 99 Tex. 539, 91 S.W. 566; 43 Tex.Jur., 258.

The vendor has the right to repossess himself of the property if the vendee defaults. Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061; Id., 55 Tex.Civ.App. 535, 121 S.W. 193; Kennedy v. Embry, 72 Tex. 387, 10 S.W. 88; R. B. Spencer & Co. v. May, Tex.Civ.App., 78 S.W.2d 665; Toler v. King, Tex.Civ.App., 11 S.W.2d 360; Gustafson v. American Land Co., Tex.Civ.

App., 234 S.W. 244; Id., Tex.Com.App., 249 S.W. 189; Evans v. Ashe, 50 Tex. Civ.App. 54, 108 S.W. 398.

█ The filing of a suit constitutes rescission. Taylor v. Herrin, Tex.Civ.App., 127 S.W.2d 945; Rockhill Country Club v. Nix, Tex.Civ.App., 198 S.W. 155; Miller v. Horn, Tex.Civ.App., 149 S.W. 769.

█ In the instant case the evidence shows conclusively that Mays & Britton were the owners of the property in question on the date they entered into the executory contract to sell said property to appellant and his wife, who agreed to pay the purchase price for the property in monthly installments. Under this contract Mays & Britton were given the right to rescind the contract if and when the purchasers made default in the monthly installments due under the contract, and to retain the moneys that had been paid by the purchasers as liquidated damages and rental of said property. It is undisputed that when Mays & Britton rescinded said contract, demanded possession of the property, and brought this suit for the possession thereof, the purchasers were several months in default in the payments due and had notified the vendors that they would not perform their part of the contract. Under above authorities, we think that Mays & Britton had a legal right to rescind their contract with the purchasers and to take possession of the property by writ of sequestration .and that neither the vendors, the constable who served said writ, nor the sureties on their bonds, were liable to appellant for either causing said writ to issue or for their action in serving it.

█ It is the settled law that a vendor under an executory contract for the sale of real estate retains the "superior title" thereto as against the purchaser thereof and does not part with his title until the contract is executed or performed on the part of the purchaser by paying the purchase money or discharging the debt therefor. 43 Tex.Jur., pp. 228, 229; Dunn v. Epperson, Tex.Civ.App., 175 S.W. 837; Bailey v. Mann, Tex.Civ.App., 248 S.W. 469.

The evidence in the instant case is undisputed that all of the rights that appellant ever had in said property grew out of the executory contract of sale dated May 1, 1937; that Willis is out of possession of said property in default of the payments which he had obligated himself to make therefor; that he had abandoned the contract and notified the vendors that he would not comply therewith. Further, it is undisputed that he had not offered and does not offer to comply with the terms of the contract and to pay the unpaid balance of the purchase price therefor, but that, on the contrary, he expressly disclaimed any intention of doing so.

Under above facts, we think that Willis is not entitled to recover the possession of the property in question from appellees or any one in privity, or to recover damages for withholding the property from appellant.

While other counter points are presented by appellees, as we view the record the issues above outlined raise the controlling questions in the case and render the remaining issues immaterial.

We have fully considered all other propositions presented in appellant's brief. None of them, in our opinion, show error in the record which requires a reversal of the judgment of the trial court, which will be in all things affirmed.

Affirmed.

GRAVES, J., not sitting.