NUMBER
13-09-00364-CV

COURT
OF APPEALS

THIRTEENTH
DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

____________________________________________________

TROPICAL COMMODITIES, INC.,                                                       Appellant,

v.



ANGEL PEREZ ORTIZ, ALONSO RODRIGUEZ,

AND NIKO ILUMINACION DE MEXICO,                                    Appellees.

 



On appeal from the 93rd District Court

of Hidalgo County, Texas

____________________________________________________

MEMORANDUM OPINION

Before Justices Garza, Vela, and Perkes   

Memorandum Opinion by Justice Perkes 

 

            This
case involves competing claims to a piece of real property in Hidalgo County,
Texas.  The trial court granted judgment in favor of appellees for $2.7 million
and declared certain deeds allegedly passing title to and from appellee Angel
Perez Ortiz, null and void.  By three issues, appellant, Tropical Commodities,
Inc. (“Tropical”), argues the trial court erred in entering summary judgment declaring
that its warranty deeds to the property were null and void and erred in
granting judgment in the trial on the merits.  Because the evidence adduced at
the bench trial was legally and factually sufficient to support the trial
court’s judgment concerning Tropical’s warranty deeds, we affirm the trial
court’s judgment.

I.             
FACTUAL AND PROCEDURAL BACKGROUND

 

In April 2006, appellee
Angel Perez Ortiz sued Niko Iluminacion de Mexico (“Niko”) and Tropical[1] seeking to clear
title to a piece of property that he alleged he owned.[2]  In his live
pleading at the time of trial, Ortiz alleged four conveyances of his property were
fraudulent.  He sought a judgment declaring that the deeds showing the
following were null and void:  (1) a December 2005 conveyance of the property
from Ortiz to Niko; (2) a February 2006 conveyance from Niko to Ortiz; (3) a
March 2006 conveyance from Ortiz to Tropical; and (4) a February 2007 grant
deed purporting to convey the property from Ortiz to Blanca E. Perez.[3]  The alleged
fraudulent conveyances of the property in Ortiz’s lawsuit can be summarized as
follows:

December 2005       Ortiz à Niko

February 2006          Niko à
Ortiz

March 2006               Ortiz à
Tropical 

February 2007          Ortiz à
Blanca E. Perez

For each conveyance, a deed was apparently recorded
in the official records of Hidalgo County, Texas.[4]  For the OrtizàTropical
conveyance, two purported deeds were apparently recorded in the official
records of Hidalgo County, Texas:   (1) a warranty
deed with vendor’s lien, bearing an untranslated, Spanish-language
acknowledgement and notary seal under the grantor’s signature; and (2) a
correction warranty deed without a vendor’s lien and without an acknowledgement. 
Both of the purported Ortiz àTropical deeds were dated
March 24, 2006. 

            Ortiz alleged his signature was
forged on all of the deeds and complained that the OrtizàTropical
deed, bearing an acknowledgement in Spanish, was also invalid for lack of a
proper English translation.  Niko filed a general denial and alleged the OrtizàNiko
deed of 2005 was valid.  Niko counterclaimed and cross-claimed for declaratory
relief that the subsequent NikoàOrtiz and OrtizàTropical
deeds were null and void.  Niko also sought a declaratory judgment that it
owned the property.

            Tropical answered by general
denial and alleged that the OrtizàTropical transfer was valid,
but that it was a person other than appellee Ortiz who conveyed the property to
Tropical.  According to Tropical, a second person named “Angel Perez Ortiz”
conveyed the property to it.  Tropical also filed a counterclaim and cross-claim
to clear its title.  Tropical petitioned the trial court to declare the OrtizàNiko
deed null and void and to declare Tropical the legal owner of the property.[5]  

            Alonso Rodriguez, Ortiz’s son,
intervened in the lawsuit to protect his interests, as a successor to Ortiz’s
lien interest in the property.  At the beginning of trial, counsel for
Rodriguez moved to supplement his petition to state that he is the
successor-in-interest to Ortiz’s lien interest.  The trial court granted leave
to amend.

Niko filed a motion for
summary judgment against Tropical, asking the trial court to enter judgment
declaring the NikoàOrtiz and OrtizàTropical deeds null
and void, and declaring that Tropical did not own the property.[6]  Tropical responded
to the motion, arguing, among other things, that Niko’s motion should be denied
because Niko’s declaratory-judgment action improperly sought relief on matters
already pending in the lawsuit.  

In March 2009, the case was
called for trial.  Tropical did not appear for trial, despite notice.  Before
trial started, Ortiz and Niko settled the claims existing between them.  On the
day of trial, the trial court granted Niko’s motion for summary judgment against
Tropical, but proceeded with a bench trial.  At the trial, the December 1995
warranty deed from Ortiz to Niko was admitted into evidence as Exhibit 1.  A
deed that was purportedly signed by Angel Perez Ortiz was admitted into
evidence as Exhibit 2, along with his deposition testimony that he had not
signed the document.  Exhibit 3, a warranty deed with vendor’s lien, dated
March 24, 2006, from Angel Perez Ortiz to Tropical was also admitted into
evidence.  Angel Perez Ortiz denied, under oath, that he had signed that
document.  Angel Perez Ortiz also denied having signed the correction warranty
deed, dated March 24, 2006, which was admitted into evidence at the trial on
the merits as Exhibit 4.    

Following the trial, the
trial court entered judgment that the December 2005 OrtizàNiko
deed is valid and the subsequent deeds at issue in the lawsuit were null and
void. The trial court declared Niko the record title holder of the property,
subject to Rodriguez’s vendor’s lien, on which Niko owed $2,700,000.[7]  No findings of
fact and conclusions of law were requested or filed.  This appeal followed.

II.           
ISSUES PRESENTED

 

Tropical presents three
issues for review:  (1) whether the trial evidence was legally and factually
sufficient to prove the OrtizàTropical deeds null and void; (2)
whether the trial court erred by granting Niko summary judgment on its
declaratory-judgment action to declare the OrtizàTropical deeds null
and void when Niko’s declaratory-judgment action sought to settle a dispute
already pending in the trial court; and (3) whether Niko’s summary-judgment
evidence was legally insufficient to prove the OrtizàTropical
deeds null and void.[8]  Because the trial court’s ruling on the
merits is dispositive, we address Tropical’s third issue.

III.  STANDARD OF REVIEW

We review de novo a trial
court's conclusions of law and uphold them on appeal if the judgment can be
sustained on any legal theory supported by the evidence.  BMC Software Belg.
v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).  In a nonjury trial, when no findings of fact or conclusions
of law are filed or properly requested, it is implied that the trial court made
all the necessary findings to support its judgment.  Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989); Mays v. Pierce, 203 S.W.3d 564, 571 (Tex.
App.—Houston [14th Dist.] 2006,
pet. denied).  If a complete reporter's record is included in the appellate
record, as in this case, the party appealing may challenge both the legal and factual sufficiency
of the trial court's implied findings.  See Mays, 203 S.W.3d at 571
(citing Roberson, 768 S.W.2d at 281).  We apply the same standards
of review to such a challenge as those applied in review
of jury findings.  See id.

The test for legal
sufficiency is “whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.”  City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  In making this determination, we
credit favorable evidence if a reasonable fact-finder could, and disregard
contrary evidence unless a reasonable fact-finder could not.  Id.  If
the evidence falls within the zone of reasonable disagreement, then we may not
substitute our judgment for that of the fact-finder.  Id. at 822.  The
fact-finder is the sole judge of the credibility of the witnesses and the
weight to give their testimony.  Id. at 819.  In reviewing a factual-sufficiency
challenge, we consider and weigh all of the evidence supporting and
contradicting the challenged finding and set aside the finding only if the
evidence is so weak as to make the finding clearly wrong and manifestly
unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see Plas-Tex,
Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).

III.          
ANALYSIS

 

By its third issue, Tropical
argues the evidence at trial was legally and factually insufficient to prove
the March 2006 OrtizàTropical deeds are null and void forgeries. 
We disagree.

A forged deed is void ab
initio and passes no title.  Dwairy v. Lopez, 243 S.W.3d 710, 712
(Tex. App.—San Antonio 2007, no pet.); Dyson Descendant Corp. v. Sonat Exploration
Corp., 861 S.W.2d 942, 947 (Tex. App.—Houston [1st Dist.] 1993, no pet.) The
recording of a forged deed does not give it any validity.  Dyson Descendant
Corp., 861 S.W.2d at 947.  No person can be an innocent purchaser of land
when one of the links in the chain of title is a forgery.  Id.  

A certificate of
acknowledgement is prima facie evidence that a grantor of real property
appeared before a notary and executed a deed for the purposes and consideration
expressed in the deed.    See Tex.
Civ. Prac. & Rem. Code Ann. §§ 121.004(a) (West 2003) (setting forth
the method of making an acknowledgement), 121.007 (providing form with which ordinary
certificate of acknowledgement must substantially comply), 121.008 (providing
short-form acknowledgement certificates); Bell v. Sharif-Munir-Davidson Dev.
Corp., 738 S.W.2d 326, 330 (Tex. App.—Dallas 1987, writ denied) (treating
acknowledgement as prima facie evidence that grantor executed deed).  In Texas,
an instrument conveying real property may not be recorded “unless it is signed
and acknowledged or sworn to by the grantor in the presence of two or more
credible subscribing witnesses or acknowledged or sworn to before and certified
by an officer authorized to take acknowledgements or oaths, as applicable.”  Tex. Prop. Code Ann. § 12.001(c) (West
2003).  That an instrument is not acknowledged in a manner that would authorize
its recording is a circumstance tending to show the parties did not intend the
instrument to be a completed conveyance.  See Lipscomb v. Fuqua, 55 Tex.
Civ. App. 535, 538, 121 S.W. 193, 194 (1909), aff’d, 131 S.W.
1061 (Tex. 1910).

Without objection, the trial
court admitted into evidence the December 2005 OrtizàNiko
deed which bears an acknowledgement signed and sealed by a Texas notary. 
Without objection, the two purported OrtizàTropical deeds dated March
24, 2006 were also admitted into evidence.  Ortiz’s trial counsel presented
Ortiz’s deposition testimony that he did not sign the OrtizàTropical
deeds, though they are signed “Angel Perez Ortiz.”  The purported OrtizàTropical
deeds are not sworn, do not contain any witness signatures, and do not contain
an acknowledgement in English.  

Tropical acknowledges its “[w]arranty
deed with vendor’s lien” bears a Spanish-language acknowledgement without an
English translation, as is required.  See Tex. Prop. Code Ann. § 11.002 (c) (West 2003) (requiring recording
of English translation of acknowledgement made outside the United States or its
territories).  Without citation to any relevant legal authority, Tropical
argues it substantially complied with the acknowledgement requirement by
including the Spanish-language acknowledgement.  Tropical also argues its
“correction warranty deed” was recorded the same day, in part, to correct the
Spanish-language acknowledgement.  Tropical points out that the correction
warranty deed is signed by a Texas notary public and bears his signature.  

Tropical’s argument is
unconvincing.  By its plain terms, the “correction warranty deed” was “made in
the place of” and as a correction of the purported OrtizàTropical
warranty deed with a vendor’s lien.  The “correction warranty deed” contains no
acknowledgement—only the bare stamp and signature of a notary public.  Therefore,
the “correction warranty deed” did not cure the defective, untranslated
Spanish-language acknowledgement.  In addition, Angel Perez Ortiz's denial that
the signatures were his was uncontroverted.  On this record, a reasonable fact
finder could conclude the purported OrtizàTropical deeds were forged. 
We hold the evidence in the trial record is legally and factually sufficient to
support the trial court’s declaratory judgment that the March 2006 OrtizàTropical
deeds are forgeries and therefore null and void.  See Dwairy, 243 S.W.3d
at 712–14 (reviewing evidence and concluding it was legally and factually
sufficient to support trial court’s conclusion that grantor’s signature was
forged, rendering deed a nullity).  We overrule Tropical’s third issue on
appeal.

V.  CONCLUSION

 

Because
the evidence was legally and factually sufficient to establish that the Ortiz
to Tropical deed was null and void, we need not address issues one and two,
which concern the propriety of the trial court’s grant of summary judgment and
declaratory relief by way of summary judgment, as these issues are not
dispositive.  See Tex. R. App. P. 
47.1.  We affirm the trial court’s judgment.                                          

                                                                        

                                                                                                                                    

GREGORY T. PERKES

                                                                                    Justice

 

Delivered
and filed the 

31st
day of August 2011. 

 









[1]  The trial court’s judgment disposes of the claims
of Carlos Alejandro Orozco Aranda, Fernando Plata and Rosalva Garcia by
non-suit. Ortiz also moved to sever all claims between Blanca Perez and him. 
These claims were severed as noted in the trial court’s judgment.  Manuel
Cuevas and Lorena Orihuela, who were parties, are aligned with Niko.  Cuevas
was the owner of Niko and Orihuela is his wife, as well as president and sole
director of Niko.  Jacobo Chapa is alleged in the pleadings to be the
individual who purportedly engaged in all negotiations “none of which were had
with Plaintiff, and purportedly paid all of the supposed monetary consideration
allegedly paid for the property.”  The judgment does not specifically dispose
of claims asserted against Manuel Cuevas, Lorena Orihuela or Jacobo Chapa.  The
judgment indicates, however, that they were represented by counsel.  The
judgment, entered after a non-jury trial on the merits, states that it is “a
final judgment disposing of all issues between all parties and all relief not
expressly granted herein is denied.”  When a judgment, not intrinsically
interlocutory in character, is rendered and entered in a case regularly set for
a conventional trial on the merits, no order for a separate trial of issues
having been entered pursuant to the procedural rules, it will be presumed for
appeal purposes that the Court intended to, and did, dispose of all parties
legally before it and of all issues made by the pleadings between such
parties.  See Moritz v. Preiss, 121 S.W.3d 715, 718–19 (Tex. 2003); John
v. Marshall Health Servs., Inc., 58 S.W.3d 738, 740 (Tex. 2001).  Thus, we
presume the judgment is final.

 





[2]  The trial court’s
judgment contains the following legal description of Ortiz’s initial interest
in the real property, which interest the trial court declared was conveyed to
Niko, subject to a vendor’s lien held by Rodriguez:  

 

the South 23.23 acres
more or less out of Lot 2 Block 13 Hidalgo Canal Company’s Subdivision of lands
out of Porciones 64, 65 and 66 Hidalgo County, Texas according to the map
recorded in Volume “Q”, Page 177 Deed Records
in the Office of the County Clerk of Hidalgo County, Texas a 1/8 of the usual
and customary 1/8 royalty, said royalty interest being non-participating as to
lease money, bonuses, and delay rentals on all oil, gas and other minerals
lying and being situated on, in, under or that may be produced from the South
10.0 acres out of Lot 2 Block 13 Hidalgo Canal Company’s Subdivision of lands
out of Porciones 64, 65, and 66 Hidalgo County, Texas according to the map
recorded in Volume “Q”, Page 177 Deed Records in the Office of the County Clerk
of Hidalgo County, Texas.  

 





[3]  By his lawsuit, Ortiz also alleged other causes of
action not relevant to this appeal.

 





[4] The OrtizàNiko deed is a
December 15, 2005, warranty deed bearing document number 1559411 and a file
stamp of the Hidalgo County Clerk.  The NikoàOrtiz
deed is a February 17, 2006, warranty deed, bearing document number 1617253,
and appears to have been filed with the Hidalgo County Clerk.  The OrtizàTropical deed is titled correction warranty deed,
and dated March 24, 2006.  It bears document number 1628889.  By its terms, it
corrects document number 1596915 in the Official Records of Hidalgo County,
Texas, which appears to have been a “warranty deed with vendor’s lien,” dated
March 24, 2006, that purported to convey the property from Ortiz to Tropical. 
The exhibits to Ortiz’s live pleading show the OrtizàTropical documents numbered 1596915 and 1628889 were
filed with the Hidalgo County Clerk.

  





[5]  By their respective counterclaims and cross-claims,
Niko and Tropical also alleged other causes of action not relevant to this
appeal. 

 





[6]  Niko’s motion for summary did not expressly
challenge the validity of Tropical’s purported correction warranty deed, but
the motion included a request for a declaration that Tropical did not own the
property. 

 





[7]  The judgment also contained several other
declarations not challenged in this appeal. 





[8]  We note the procedural posture and sufficiency
issues in this case are akin to a post-answer default-judgment case in which a
defendant fails to appear after filing an answer in a lawsuit.  Dolgencorp
of Tex., Inc. v. Lerma, 288 S.W.3d 922, 930 (Tex. 2009) (explaining that in
a post-answer default case, a plaintiff is required to prove all aspects of its
claim to obtain relief); see also Mays v. Pierce,
203 S.W.3d 564, 571 n.11 (Tex. App.—Houston [14th Dist.] 2006, pet.
denied) (discussing plaintiff’s burden of proof when
defendant fails to appear after filing an answer).